**C. JARED CLARK, ESQ.**
Nevada Bar No. 13672
**EVAN K. SIMONSEN, ESQ.**
Nevada Bar No. 13762
**PALVIN JHITA, ESQ.**
Nevada Bar No. 16716
**CLARK LAW GROUP, PLLC**
6655 W. Sahara Ave., Ste. A114
Las Vegas, NV 89146
Phone: (702) 330-3272
E-mail: jared@cjclarklawgroup.com
        evan@cjclarklawgroup.com
        palvin@cjclarklawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ODALYS ZAMORA-YARINE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION, a foreign corporation dba SONESTA SIMPLY SUITES LAS VEGAS; DOE NEVADA CITIZEN 1; DOES 2 through 20, inclusive, and ROE BUSINESS ENTITIES 1 through 20, inclusive<br><br>　　　　　Defendants. | Case No. 2:24-CV-02120 |

## STIPULATION AND ORDER REGARDING F.R.C.P. RULE 35 MEDICAL EXAMINATION

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, ODALYS YARINE-SAMORA, by and through her counsel of record, C. JARED CLARK, ESQ., EVAN K. SIMONSEN, ESQ., and PALVIN JHITA, ESQ., with the law offices of **CLARK LAW GROUP, PLLC,** and Defendant, SONESTA INTERNATIONAL HOTELS CORPORATION, a foreign

corporation dba SONESTA SIMPLY SUITES LAS VEGAS, by and through its counsel of record, FRANK TODDRE, ESQ., with the law offices of **COZEN O' CONNOR**, to the following terms for the F.R.C.P. Rule 35 Medical Examination of Plaintiff ODALYS ZAMORA-YARINE in this matter as follows:

1. The Examination will consist of taking Odalys Yarine-Zamora's medical history and performing various non-invasive physical examinations, to determine the nature and extent of the injuries complained of by Odalys Yarine-Zamora;

2. The Examiner shall make every effort to refer to the evaluation as a "Rule 35 Examination" or a "F.R.C.P. 35 Examination" and **not** as an "Independent Medical Examination" or "IME";

3. The Examination shall be limited to the parts of the body, specifically as it pertains to the connected body parts of the lower back which ODALYS ZAMORA-YARINE has placed in controversy, for this important examination;

4. The F.R.C.P. Rule 35 Medical Examination (hereinafter "examination") of ODALYS ZAMORA-YARINE shall be conducted by Dr. Daniel Lee ("defense medical examiner") at **Desert Orthopaedic Center, 8402 West Centennial Parkway, Suite 100, Las Vegas, NV 89149**, on **October 16, 2025,** at **10:00 a.m.** No other physician, surgeon, or chiropractor shall be present during the examination. If necessary, the F.R.C.P. Rule 35 medical examiner may utilize members of their staff to assist during the examination. If there will be anyone in the examination room, aside from Odalys Yarine-Zamora, a third-party observer as set forth below, and the examining doctor, Defendant will provide a description of who such individuals will be (*i.e.*, assistant, nurse, etc.) at least 5 business days prior to the examination;

5.  Defense medical examiner was chosen by and at the discretion of Defendant and/or Defendant's counsel and ODALYS ZAMORA-YARINE reserves all rights and privileges to challenge the qualifications, bias, and methodology of the F.R.C.P. 35 examiner, their report, conclusions, opinions and/or ability to testify;

6.  Unless extraordinary circumstances are presented to Odalys Yarine-Zamora's counsel in writing at least 5 days prior to the examination setting forth the justification for additional time, the examination shall be completed within ninety (90) minutes, and ODALYS ZAMORA-YARINE will not be made to wait in the doctor's waiting room for the examination to begin for more than thirty (30) minutes. However, should ODALYS ZAMORA-YARINE be made to wait more than thirty (30) minutes, Odalys Yarine-Zamora's counsel will contact Defendant's counsel so that Defendant's counsel can make a good faith effort to remedy the issue regarding Odalys Yarine-Zamora's extended wait time;

7.  The examining physician is not entitled to information regarding Odalys Yarine-Zamora's *unrelated* medical history. Dr. Lee will take a basic medical history as he is not able to look at the medical records prior to the examination. If the examining physician believes that a particular aspect of Odalys Yarine-Zamora's medical history is in some way related to her current physical state and/or her injuries sustained in the subject crash, then the examining physician must explain the relevance as a prerequisite to ODALYS ZAMORA-YARINE providing said history.

8.  If the examining physician subjects ODALYS ZAMORA-YARINE to physically intrusive or painful procedures, then ODALYS ZAMORA-YARINE and/or Odalys Yarine-Zamora's counsel reserves the right to immediately suspend the examination

and pursue any legal remedies available to her. This does not prevent the examining physician to conduct testing or procedures that inadvertently cause ODALYS ZAMORA-YARINE pain – so long as the examining physician immediately stops said testing or procedure to prevent further pain to Odalys Yarine-Zamora;

9. ODALYS ZAMORA-YARINE will not be required to disrobe from the waist down during the examination. No "waist up" disrobement will be required unless the examining physician determines that such disrobement is crucial to conducting the examination, and the examining physician requires their own patients to disrobe for similar orthopaedic examinations. Any disrobement requirement will be provided in writing at least 5 days prior to the examination.

10. No x-rays, CT scans or MRIs shall be performed on ODALYS ZAMORA-YARINE in the course of the examination. No invasive testing of any kind will be performed on ODALYS ZAMORA-YARINE in the course of the examination, nor shall any medical treatment or medical advice be rendered to ODALYS ZAMORA-YARINE by the F.R.C.P. Rule 35 medical examiner;

11. Any paperwork or forms that Defendant (or the F.R.C.P. Rule 35 medical examiner) required for the examination shall be submitted to Odalys Yarine-Zamora's counsel for review no later than one (1) week prior to the examination. Failure to meet this deadline will constitute a waiver of any ability to have ODALYS ZAMORA-YARINE complete any paperwork. ODALYS ZAMORA-YARINE will not be required to sign any paperwork at the office of the examining physician or at the location of the F.R.C.P. 35 exam, other than a "sign-in" sheet or authorization to perform the examination;

12. ODALYS ZAMORA-YARINE may be accompanied by one (1) third-party observer. ODALYS ZAMORA-YARINE must provide Defendant with the observer's identity and relationship to ODALYS ZAMORA-YARINE at least twenty-four (24) hours in advance of the Examination. The third-party observer will not be Odalys Yarine-Zamora's counsel or an employee of ODALYS ZAMORA-YARINE counsel's firm but may be an outside consultant hired by Odalys Yarine-Zamora's counsel. This observer will not interfere with or participate in the Examination, pursuant to NRCP 35(a)(4), nor will they be a treatment provider of ODALYS ZAMORA-YARINE or an employee of counsel for Odalys Yarine-Zamora's law firm;

13. Odalys Yarine-Zamora, her third-party observer, and/or the defense medical examiner and/or their staff may audio record the examination with a small, hand-held device;

14. Neither defense counsel nor Odalys Yarine-Zamora's counsel, nor anyone from the defense counsel's office, or any other representative of defense counsel, may attend the examination;

15. The examining physician shall not engage in ex parte contact with Odalys Yarine-Zamora's treating health care providers, with regard to ODALYS ZAMORA-YARINE for the subject case and facts deriving therefrom;

16. The examining physician shall not speak with or attempt to engage in discussion any observer who may accompany ODALYS ZAMORA-YARINE to the examination, regarding the observer's own understanding or knowledge of the Subject Incident, Odalys Yarine-Zamora's treatment and/or condition, or the examination itself;

17. This stipulation entitles the Defendant to the Rule 35 Examination set forth herein, ***only***. Should the Defendant desire to conduct a second Rule 35 Examination, a separate stipulation or order from the court will be necessary. Defendant is entitled to only one (1) F.R.C.P. 35 medical examination per body part;

18. The examiner will retain all handwritten notes, e-mails sent and received, and all documents generated or received, including draft reports, related to the examination;

19. No later than thirty (30) days following the examination, Odalys Yarine-Zamora's counsel will be provided with a copy of a Rule 35 examination only. Dr. Lee may supplement his report with medical records as necessary. detailed written report of the examiner's findings, including results of all non-invasive tests made, diagnoses and conclusions;

20. The examiner will accurately report their findings and test results;

21. The defense medical examiner, including their staff or assistants, will not question ODALYS ZAMORA-YARINE in any way regarding liability of the subject slip and fall incident, aside from a basic factual description of how the fall occurred as may be needed to form medical opinions;

22. The defense medical examiner will not include any statements or opinions regarding liability in his report;

23. The defense medical examiner will not perform psychological or cognitive examinations or testing on ODALYS ZAMORA-YARINE and shall not opine on the psychological conditions, cognitive conditions or honesty of Odalys Yarine-Zamora. The defense medical examiner may offer statements regarding Odalys Yarine-Zamora's abilities as a historian of the facts;

24. The defense medical examiner will not speculate as to secondary gain or malingering;

25. The report generated by the examiner will list all tests, exams, other materials (radiographs, test results, other physician reports) that are used by the examiner to form the examiner's opinions and conclusions. All reference materials must be referred to within the report, otherwise they will be precluded as part of the basis of the medical examiner's opinions;

26. The examiner acknowledges that his deposition may be taken in this case, and he will reasonably cooperate with the scheduling of his deposition;

27. Nothing in this Stipulation shall, nor is it intended to limit any motion practice which might later be done with regard to the defense medical examiner, their report, methodology, conclusions, bias and/or opinions, including any motions to strike, disqualify, preclude and/or limit defense medical examiner from testifying at the time of trial;

28. ODALYS ZAMORA-YARINE shall not pay or incur any fee related to the Examination, unless she does not appear for the Examination without good cause.

29. The F.R.C.P. Rule 35 medical examiner shall be provided with a copy of these terms and conditions prior to the examination. Failure to meet these parameters will constitute a material breach of this stipulation and ODALYS ZAMORA-YARINE reserves the right to immediately suspend the examination at any point thereafter and pursue any legal remedies available to her. Should ODALYS ZAMORA-YARINE choose to continue with the exam, such choice shall not be deemed a waiver of all rights arising under the failure to abide by this parameter.

DATED: September 17, 2025

**CLARK LAW GROUP, PLLC**

*/s/ Palvin Jhita*

**C. JARED CLARK, ESQ.**
Nevada Bar No. 13672
**EVAN K. SIMONSEN, ESQ.**
Nevada Bar No. 13762
**PALVIN S. JHITA, ESQ.**
Nevada Bar No. 16716
6655 W. Sahara Ave., Ste. A114
Las Vegas, NV 89146
*Attorneys for Plaintiff*

DATED September 17, 2025

**COZEN O' CONNOR**

*/s/ Frank Toddre*

**FRANK TODDRE, ESQ.**
Nevada Bar No. 11474
1180 North Town Center Dr., Ste. 260
Las Vegas, NV 89144
*Attorneys for Defendant*

**IT IS SO ORDERED**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Date: September 17, 2025**